UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK M. LEIGH,

    Petitioner,        Case No. 2:19-CV-10744
                                HON. GEORGE CARAM STEEH
v.                          UNITED STATES DISTRICT JUDGE

THOMAS WINN,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Derek M. Leigh, ("petitioner"), confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for domestic violence, third offense, Mich. Comp. Laws § 750.81(2); assault by strangulation, Mich. Comp. Laws § 750.84(1)(b); and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. For the reasons stated below, the application for a writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

## I. FACTUAL BACKGROUND

Petitioner was convicted in the St, Clair County Circuit Court.

- 1 -

Petitioner's conviction was affirmed on appeal. *People v. Leigh*, 2018 WL 2223334 (Mich. Ct. App. May 15, 2018), *lv. den.* 920 N.W.2d 594 (Mich. 2018).

On March 6, 2019, petitioner filed a petition for writ of habeas corpus with this Court.[1] Petitioner seeks a writ of habeas corpus on several grounds. Petitioner's claims are overlapping and occasionally redundant. For clarity's sake, the Court has consolidated petitioner's claims as follows: (1) petitioner was denied his Sixth Amendment right to confrontation, (2) petitioner was denied the ineffective assistance of trial counsel, and (3) petitioner was denied the effective assistance of appellate counsel. Petitioner acknowledges several times in his petition that several of his ineffective assistance of trial counsel claims and none of his ineffective assistance of appellate counsel claims have been exhausted with the state courts.

## II. DISCUSSION

The instant petition is subject to dismissal because petitioner has several claims, which by his own admission, have yet to be exhausted with the state courts.

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on March 6, 2019, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

- 2 -

A state prisoner who seeks federal habeas relief is first required to exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Federal district courts must dismiss mixed habeas petitions which include both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Petitioner admits on the face of his petition that several of his claims are unexhausted, but argues that exhaustion should be excused because his appellate attorney was ineffective for failing to raise these claims on his appeal of right.

Although a futility exception to the exhaustion requirement exists, see *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981), a habeas petitioner is nonetheless required to demonstrate that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The mere fact that appellate counsel may have been ineffective in failing to raise petitioner's claims on his appeal of right does not make exhaustion futile, because petitioner still has an available state court remedy with which to exhaust his claims. *See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967)(petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-conviction procedures). Petitioner's ineffective assistance of appellate counsel, in fact, is itself subject to the exhaustion requirement. *See Baldwin v. Reese,* 541 U.S. 27, 30-33 (2004).

Petitioner has an available state court remedy with which to exhaust his claims. Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the St. Clair County Circuit Court under Michigan Court Rule 6.500, *et. seq.* and appealing any denial of the motion to the Michigan appellate courts. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009).

Although a district court can stay a mixed habeas petition containing unexhausted claims to allow the petitioner to present his or her unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), in this case, a stay of petitioner's application

for a writ of habeas corpus would be inappropriate, because there are no exceptional or unusual circumstances present that justify holding the instant petition for writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust, rather than dismissing it without prejudice. The Michigan Supreme Court denied petitioner's application for leave to appeal on December 21, 2018. However, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) for filing habeas petitions did not begin to run on that day. Where a state prisoner has sought direct review of his or her conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one-year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) starts running not on the date that the state court entered judgment against the prisoner, but on the date that the 90-day time period to seek certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). If petitioner does not seek a writ of certiorari with the United States Supreme Court, his judgment will become final, for the purpose of commencing the running of the one-year limitations period, on March 22, 2019. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the petition with this Court on March 6, 2019, before petitioner's conviction became final with the state courts. This Court is dismissing the petition without delay so that petitioner can return to the state courts to exhaust his claim. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one-year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because petitioner has an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

### III.  Conclusion

The Court will summarily dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is

required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct to dismiss the petition on exhaustion grounds. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV. ORDER

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** That a Certificate of Appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: March 14, 2019

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 14, 2019, by electronic and/or ordinary mail and also on Derek Leigh #715475, Saginaw (MSP) Saginaw Correctional Facility, 9625 Pierce Rd., Freeland, MI 48623.

s/Barbara Radke
Deputy Clerk